The PRESIDENT
delivered the opinion of the court.
The objections to the judgment are, 1st, The want of a declaration. 2dly, That the arbitrators exceeded their power, in awarding tobacco, when the demand was for money.
Eirst, The great purposes for which declarations, containing a regular statement of the plaintiff’s claim, are required, are 1st, That the defendant may know with certainty, the nature of the charge against him, so that he may not be embarrassed, nor ensnared at the trial.
*2dly, That the demand should appear upon record, so as that a recovery in that suit, may be a bar to any future action, for the same cause.
This court in the case of Picket and Clai-bor.i, determined, that both these ends were answered by a confession of judgment which implies a knowledge in the defendant of the cause of action, and that being stated in the judgment, would bar a subsequent suit for the same thing.
So in this case, the submission to arbitration, rendered it unnecessary to state the cause of action to the court, in the regular mode of proceeding, since they were not to try it; and the award stating the ground of the demand, will enable the defendant to plead the judgment in har to anj" future action, for the same cause. But the principal answer, and one which applies also to the 2d objection is, that the parties by withdrawing their case from the ordinary judges, and submitting it to those of their own chusing, have waived all objections to the want of legal forms, and have confined themselves to considerations arising out of the award itselE; such as partiality, corruption, ex parte proceedings, or that they exceeded their power. The latter, is chiefly applicable to bonds, submitting particular specified disputes. Here, the submission is-of all matters in difference.
The objection made to the award, as exceeding the power of the arbitrators, is founded upon a comparison of the award with the writ, and not with the submission.
The next objections relied upon, are to the execution and replevy bonds; but as these are merely ministerial acts, unconnected with the judgment, which is alone before the court, they cannot be regarded. Errors of this sort, can only be rectified by the court from whence the execution issued, subordinate perhaps to the controul of this court, but it must come by appeal from the opinion of that court, given upon motion, and cannot be taken up collaterally upon an appeal from the original judgment.
The judgment must be affirmed.